IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL DURHAM, | : |
| Petitioner, | : |
| v. | : C.A. No. 17-1714-LPS |
| ATTORNEY GENERAL OF THE STATE OF DELAWARE, et. al., | : |
| Respondents. | : |

**MEMORANDUM**

**I.  BACKGROUND**

In December 2003, a Delaware Superior Court jury convicted Petitioner Michael Durham ("Petitioner") of first degree burglary, attempted first degree robbery, first degree reckless endangering, second degree conspiracy, four counts of possession of a firearm during the commission of a felony, terroristic threatening, third degree assault (the lesser-included offense of second degree assault), endangering the welfare of a child, criminal mischief, and aggravated menacing. *See Durham v. Phelps*, 2009 WL 3271370, at *1 (D. Del. Oct. 9, 2009). The conviction stemmed from the home invasion of a residence. *See id.* The Superior Court sentenced Petitioner on March 9, 2004 as an habitual offender to life in prison on the attempted first degree robbery conviction, and also to 103 years of imprisonment on the remaining convictions, suspended after 100 years for probation. *See id.* The Delaware Supreme Court affirmed Petitioner's convictions and sentences on January 12, 2005. *See Durham v. State*, 867 A.2d 176 (Del. 2005).

In May 2005, Petitioner filed in the Superior Court a motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). *See Durham v. State*, 909

A.2d 594 (Table), 2006 WL 2795079, at *1 (Del. Sept. 28, 2006). The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed that decision. *See id.* at *2.

In 2007, Petitioner filed in this Court a habeas Petition pursuant to 28 U.S.C. § 2254 challenging his 2003 conviction. *See Durham*, 2009 WL 3271370. He presented the following five grounds for relief: (1) vindictive prosecution and prosecutorial misconduct; (2) judicial misconduct and error; (3) ineffective assistance of trial counsel; (4) Double Jeopardy violations; and (5) unlawful confinement. *Id.* at *3. The Honorable Joseph J. Farnan, Jr., denied the Petition in October 2009 after determining that a sub-argument in Claim Two did not warrant relief under § 2254(d)(1) and the other claims were procedurally barred from federal habeas review. *See id.* at *10-11. Petitioner did not appeal that decision.

On May 11, 2017, Petitioner asked the Superior Court for permission to proceed *pro se* to pursue a certificate of eligibility and to modify his 2004 habitual offender sentence under 11 Del. C. § 4214(f). *See Durham v. State*, 185 A.3d 693 (Table), 2018 WL 2069057, at *1 (Del. May 2, 2018). "The Superior Court denied [Petitioner's] request [on September 11, 2017], holding that [Petitioner] was not eligible for relief under § 4214(f) because [he] had been sentenced to life imprisonment, which had been imposed solely within the sentencing judge's discretion." *Id.* The Delaware Supreme Court affirmed that decision, explaining:

> Under Superior Court Special Rule of Procedure 2017-1, which was enacted by the Superior Court as directed by the General Assembly in 11 Del. C. § 4214(f), a request for certificate of eligibility under § 4214(f) may only be filed by the petitioner's attorney of record or the Office of Defense Services. The Superior Court will not consider a *pro se* request under § 4214(f) unless the petitioner is granted permission to proceed *pro se*.
>
> * * *
>
> When [Petitioner] was sentenced for attempted first degree robbery as a habitual offender, § 4214(a) provided a habitual offender could

2

>receive a sentence of up to life imprisonment and would "receive a minimum sentence which shall not be less than the statutory maximum penalty provided elsewhere in this Title for the fourth or subsequent felony which forms the basis of the State's petition to have the person declared to be an habitual criminal except that this minimum provision shall apply only when the fourth or subsequent felony is a Title 11 violent felony, as defined in § 4201(c) of this title." The statutory maximum penalty for attempted first degree robbery, the violent felony forming the basis of the State's petition to declare [Petitioner] a habitual offender, was twenty years at Level V incarceration. [Petitioner] therefore faced a sentence between twenty years at Level V and life imprisonment. Because the sentencing judge exercised discretion under § 4214(a) to sentence [Petitioner] to life imprisonment instead of twenty years at Level V incarceration, [Petitioner] did not receive "a minimum sentence of not less than the statutory maximum penalty for a violent felony."

*Durham*, 2018 WL20169057, at *1.

Petitioner filed the instant Petition in November 2017, while his appeal from the Superior Court's denial of his request for eligibility was pending. In a convoluted fashion, Petitioner asserts several complaints concerning the interpretation, application, and general implications of 11 Del. Code § 4214(f) – enacted in 2016 – on his 2004 habitual offender sentence of life imprisonment, including allegations that it constitutes an *ex post* facto law, violates Delaware sentencing guidelines, and demonstrates the overall unconstitutionality of Delaware's habitual offender statute. However, upon closer examination, the Court perceives the Petition as asserting the following two core grounds for relief: (1) the Delaware state courts erroneously interpreted and applied § 4214(f) when they refused to provide Petitioner with an opportunity to seek a reduction of his 2004 habitual offender sentence; and (2) Petitioner's 2004 habitual offender sentence is illegal because it exceeds the statutory maximums for the underlying offenses and was imposed in contradiction to Delaware statutory law. (D.I. 1)

3

## II. SECTION 4214(f) OF THE HABITUAL OFFENDER STATUTE

> In 2016, the General Assembly enacted Senate Bill 163, which entirely rewrote the version of the habitual criminal statute under which [Petitioner] was sentenced. Senate Bill 163 changed some of the circumstances under which a person could be declared a habitual offender and some of the mandatory sentences associated with a habitual offender designation. [] Section 4214(f) gave some offenders sentenced under the old version of the law an opportunity to petition the Court to reconsider their sentences. In April 2017, . . . the General Assembly further amended Section 4214(f) by adopting House Bill 18. House Bill 18 clarified that the right to petition the Court for reconsideration was limited to a person sentenced under the old version of the law to "a minimum sentence of not less than the statutory maximum penalty for a violent felony pursuant to 4214(a) of this title . . . ." The synopsis to House Bill 18 explained that the amendment to Section 4214(f) was intended to clarify "the legislature's intent to focus upon the minimum mandatory sentences imposed by the habitual offender statute, as opposed to those sentences where sentencing judges have complete discretion with respect to sentencing."

*State v. Foster*, 2018 WL 4691178, at *2 (Del. Super. Ct. Sept. 26, 2018).

> On April 24, 2018, the Delaware Supreme Court issued its decision in *Clark v. State*, addressing a defendant's eligibility for sentence review under Section 4214(f). In *Clark*, the sentencing judge exercised his discretion and exceeded the minimum sentence under Section 4214(a) of the old version of the habitual criminal statute. The minimum sentence the judge could have imposed for the felony for which Clark was declared habitual was five years; the sentencing judge, however, imposed a fifteen-year period of incarceration. The Delaware Supreme Court held "[b]ecause the sentencing judge exercised his discretion under § 4214(a) to sentence Clark to fifteen years of Level V incarceration instead of five years of Level V incarceration, Clark did not receive a 'minimum sentence of not less than the statutory maximum penalty for a violent felony." The Supreme Court therefore held Clark was not eligible for relief under Section 4214(f). Shortly thereafter, in *Durham v. State*, the Supreme Court reiterated that ruling, holding that Durham, who was facing a minimum sentence of 20 years under Section 4214(a), but received a sentence of life imprisonment, was not eligible for sentence review under Section 4214(f).

*Foster*, 2018 WL 4691178, at *2.

## III. PROHIBITION AGAINST SECOND OR SUCCESSIVE PETITIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." *Tyler v. Cain*, 533 U.S. 656, 661 (2001). A habeas application is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior application has been decided on the merits, the prior and new applications challenge the same conviction, and the new application asserts a claim that was, or could have been, raised in a prior habeas application. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003). Section 2244(b) of AEDPA "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." *Felker v. Turpin*, 518 U.S. 651, 657 (1996); *see also Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Specifically, § 2244(b) provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move

> in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(1)-(3)(A); *see also* Rule 9 of the Rules Governing § 2254 Cases in the United States District Courts.

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner files a second or successive habeas application "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002); *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007) (where petitioner neither sought nor received authorization from Court of Appeals before filing second or successive petition, district court should have dismissed petition for lack of jurisdiction). As summarized by the Supreme Court:

> First, any claim that has already been adjudicated in a previous petition must be dismissed. Second, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions.

*Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005). In short, given Petitioner's prior federal habeas proceeding, the Court must determine if the instant Petition constitutes a second or successive habeas request that is precluded from review under § 2244's gatekeeping provisions.

As an initial matter, the Court finds that Claim One fails to assert an issue cognizable on federal habeas review. It is well-established that "[s]tate courts are the ultimate expositors of state law,"[1] and claims based on errors of state law are not cognizable on habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). In addition, the "federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually

6

led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation." *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998). Here, Claim One asserts an error of state law because it challenges the Superior Court's interpretation and application of a new amendment to Delaware's habitual offender statute, namely, § 4214(f). In turn, Petitioner's request for sentence review under § 4214(f) was filed pursuant to Delaware Superior Court Rule 2017-1, which constitutes a collateral proceeding because such a request is presented as a motion for modification of sentence. *See* Del. Super. Ct. Spec. R. 2017-1 (d)(1) ("An application under this rule shall be made by a petition for sentence modification."). For these reasons, the Court will dismiss Claim One for failing to assert an issue cognizable on federal habeas review.

The Court still must determine whether it has jurisdiction to consider Claim Two. Petitioner's previous petition challenged the 2004 convictions for which he was sentenced as a habitual offender; the instant Petition challenges the habitual offender sentence related to the 2004 convictions challenged in Petitioner's first petition. Judge Farnan's denial of the first petition constituted an adjudication on the merits. Although Petitioner could not have raised any challenges concerning § 4214(f) until its enactment in 2017, the actual factual predicate for Claim Two could have been raised in Petitioner's first petition. For instance, Petitioner asserts that, "[o]n [six] of the eight offenses [for which he] was declared a habitual, [he was] sentenced beyond prescribed statutory maximums [] in contradiction to Delaware's sentencing guidelines" (D.I. 1 at 11), and the sentencing "court exceeded the applicable penalties prescribed in each offense as was noticed in the indictment." (D.I. 1 at 7) Then, focusing on House Bill 18's use of the phrase "complete discretion" in the bill's clarifying synopsis for § 4214(f),[1] Petitioner contends that the sentencing

---

[1] The synopsis to House Bill 18 explained that the amendment to § 4214(f) was intended to clarify "the legislature's intent to focus upon the minimum mandatory sentences imposed by the habitual

7

court in his case violated Delaware sentencing laws when exercising its "complete discretion to sentence him beyond the prescribed statutory maximums for the offenses of his convictions." (D.I. 1 at 19) In short, although creatively presented as a challenge to the 2017 amendment to the habitual offender statute – § 4214(f) – Claim Two actually challenges the method by which the sentencing court determined his 2004 life sentence under the version of the habitual offender statute in effect at that time.[2] Since Petitioner's underlying argument in Claim Two could have been asserted in Petitioner's first Petition, the Court concludes that Claim Two constitutes a second or successive habeas request under § 2244(b).

Nothing in the record indicates that Petitioner obtained authorization from the Third Circuit to file the instant second or successive Petition. Consequently, the Court concludes that it lacks

---

offender statute, as opposed to those sentences where sentencing judges have complete discretion with respect to sentencing." *State v. Williams*, 2018 WL 2938313, at *2 (Del. Super. Ct. June 8, 2018).

[2]Petitioner's argument is premised on an incorrect understanding of § 4214(f). One of the requirements an inmate has to satisfy in order to obtain a certificate of eligibility to file a petition seeking a sentence modification under § 4214(f) is a "type-of-sentence" requirement. *See State v. Dwyer*, 2019 WL 413630, at *1 (Del. Super. Ct. Feb. 1, 2019). An inmate satisfies the type-of-sentence requirement if he is serving a sentence imposed upon him as "an habitual criminal [that is] a minimum sentence of not less than the statutory maximum penalty for a violent felony pursuant to [§ 4214](a) . . ., or a life sentence pursuant to [§ 4214](b) . . . prior to July 19, 2016." 11 Del. Code § 4214(f). A "minimum sentence of not less than the statutory maximum penalty for a violent felony" means the inmate must have received the minimum sentence a judge was constrained to impose under the prior version of the Habitual Criminal Act; and so, where a sentencing judge exercised his or her discretion to impose greater than the minimum required under pre-2016 § 4214(a), the inmate cannot seek modification under § 4217(f). *See Clark*, 2018 WL 1956298, at *3. In Petitioner's case, the sentencing judge imposed a sentence greater than the minimum sentence, and the Superior Court's statement that his life sentence "had been imposed solely within the sentencing judge's discretion" when denying Petitioner's request for a certificate of eligibility appears to be a way of indicating that Petitioner did not meet the type-of-sentence requirement. Contrary to Petitioner's argument, the Superior Court's and HB 18's reference to a sentencing judge's discretion did not retroactively authorize his sentencing judge's "complete discretion" to disregard Delaware sentencing laws and impose a sentence in excess of statutory maximum penalties. (D.I. 1 at 9)

8

jurisdiction to consider this unauthorized second or successive habeas request. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254; *Robinson*, 313 F.3d at 139. The Court also concludes that it would not be in the interest of justice to transfer this Petition to the Third Circuit, because nothing in the instant Petition comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2). Accordingly, the Court will dismiss the Petition for lack of jurisdiction. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 petitions); 28 U.S.C. § 2244(b)(1).

## IV. CONCLUSION

For the reason set forth above, the Court will dismiss the instant habeas Petition for lack of jurisdiction. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

March 31, 2021
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

9